FILED
 2012 Jan-31  PM 03:41
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JULIE MOODY COLLINS,** | ) | Civil Action Number |
| | ) | **5:11-cv-02172-AKK** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BARR PHARMACEUTICALS,** | ) | |
| **LLC., BARR LABORATORIES,** | ) | |
| **INC., TEVA PHARMACEUTICAL** | ) | |
| **INDUSTRIES LIMITED,** | ) | |
| | ) | |
| | ) | |
| Defendants**.** | ) | |

## MEMORANDUM OPINION & ORDER

Before the court is defendants Barr Pharmaceuticals, LLC and Barr Laboratories, Inc.'s (collectively "Defendants") motion for summary judgment. Doc. 12. Plaintiff Julie Moody Collins ("Plaintiff") responded, doc. 15, and this matter is ripe for the court's review. For the reasons stated fully below, Defendants' motion is **GRANTED**, and this action is DISMISSED with **prejudice**.[1]

---

[1] Plaintiff has yet to serve Defendant Teva Pharmaceutical Industries Limited ("Teva"). Instead, Plaintiff served Teva Pharmaceuticals, Inc., an entity that is not a defendant in this action, *see* doc. 1-1, at 32, 35, and one which has never entered an appearance in this case. In fact, Teva was not a participant in the parties' Rule 26 meeting, *see* doc. 10, suggesting that Plaintiff is perhaps not pursuing claims against Teva in this court. In any event, pursuant to the court's Uniform Initial Order, "[a]ny defendant who has not been served with a summons and complaint within 120 days after the filing of the Complaint (or within 120 days after the part was added to the

# I.  PROCEDURAL & FACTUAL HISTORY

Defendants manufacture and distribute tablets of Generic Adderall ("Adderall"), an amphetamine-based prescription drug designed to treat people with attention deficit/hyperactivity disorder ("ADHD").  Doc. 1-1 at 2.  On July 16, 2009, Defendants received a complaint from a pharmacist alleging a defect in Defendants' Adderall tablets.  Doc. 14-1 at 2 ¶ 4.  Defendants learned that their Lot #311756 Adderall tablets manufactured in May 2009, at their Forest, Virginia facility, "contain[ed] more amphetamine than they should have contained."  Doc. 14-1 at 2 ¶ 7.  Upon further investigation, Defendants discovered 150 out-of-specification Adderall tablets in production Lot #311756.  *Id.* at 3 ¶ 9.

Between June 11, 2009, and June 16, 2009, Defendants distributed Lot #311756 to eight wholesalers, three distributors, and one retail chain.  *Id.* at 3 ¶ 10.  Accordingly, Defendants recalled the Adderall tablets of Lot #311756 on August 12, 2009.  *Id*. at 3 ¶ 12.   In addition to recalling Lot #311756, Defendants distributed a letter instructing "consignees [to] inform their customers of the recall and to have any product returned to them."  *Id.* at 3 ¶ 13.

---

action) *may be dismissed without further order of the court . . . ."* See doc. 6, at 5-6.  Plaintiff filed the Complaint on May 31, 2011, and had until September 28, 2011, to serve Teva. Accordingly, Defendant Teva Pharmaceuticals Industries Limited is **DISMISSED** without prejudice from this action for ineffective service.

Defendants supplied Kroger Pharmacy, Store No. 854, located at 1101 Beltline Road, SE, Decatur, Alabama ("Kroger") with shipments of Adderall on April 29, 2009, and June 9, 2009.  Doc. 14-2 at 2 ¶¶ 4, 5.  Kroger did not receive another shipment of Adderall until August 5, 2009.  *Id.* at 2 ¶ 6.  On June 26, 2009, Plaintiff filled a prescription for a 30-day supply of Adderall at the Kroger Pharmacy, Store No. 854.  Doc. 14-3 at 4 ¶ 1.   After ingesting a portion of the prescription, Plaintiff received a phone call from a pharmacist at Kroger informing Plaintiff of the recall of Defendants' products.  *Id.* at 5 ¶ 2.  Subsequently, Plaintiff commenced this action on May 31, 2011, alleging violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") (count one), and alleging claims for negligence/wantoness (count two), and breach of express and implied warranties (count three). Doc. 1-1 at 5-7.

## II.  SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(a), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id*. at 324 (internal citations and quotations omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). The court must construe the evidence in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

### III.  LEGAL ANALYSIS

Proximate cause is an element in each of Plaintiff's claims. *See, e.g., Clarke Indus., Inc. v. Home Indem. Co.*, 591 So. 2d 458, 461 (Ala. 1991) (AEMLD and negligence); *Gooden v. City of Talladega*, 966 So. 2d 232, 239 (Ala. 2007) (negligence and wantonness); *Clark v. Allied Healthcare Prods., Inc.*, 601 So. 2d 902, 903 (Ala. 1992) (breach of warranty). To prevail under all claims, the Plaintiff "has the burden of presenting substantial evidence of proximate cause." *Morguson v. 3M Co.*, 857 So. 2d 796, 800 (Ala. 2003); *Hicks v. Vulcan Eng'g Co.*, 749 So. 2d 417, 424 (Ala. 1999). The Alabama Supreme Court defines proximate

cause as "an act or omission that in a natural and continuous sequence, unbroken by any new independent causes, produces the injury and without which the injury would not have occurred." *Thetford v. City of Clanton*, 605 So. 2d 835, 840 (Ala. 1992).

The facts unequivocally demonstrate, and Plaintiff concedes, that no evidence exists "upon which to dispute the essential fact alleged by Defendant[s] that Plaintiff could not have received the allegedly defective medication."[2]  Doc. 15 at 2.  Based on the undisputed evidence, Kroger received shipments from Defendants on April 29, 2009, and June 9, 2009, doc. 14-2 at 2 ¶ 4, 5, both of which predate the defective lot.  Moreover, although Defendants shipped Lot#311756 between June 11, 2009, and June 16, 2009, Kroger did not receive another shipment from Defendants until August 5, 2009, doc. 14-1 at 3 ¶ 10; doc. 14-2 at 4 ¶ 6, i.e. *after* Plaintiff filled her prescription on June 26, 2009.  Because none of Defendants' June 11, 2009, or June 16, 2009, defective shipments arrived at Kroger before Plaintiff received her prescription, Plaintiff simply could not have received the out-of-specification Adderall.

In short, where, as here, Plaintiff filled her prescription approximately six

---

[2] The court appreciates Plaintiff counsel's condor with the court.  In a profession where, at times, lawyers stretch the facts and case law to support their respective positions, it is refreshing to read Jeffrey Blackwell's response since it is clear that he takes his Rule 11 obligations seriously and is willing to concede when the facts do not support his client's claims.

weeks *before* Kroger received a defective shipment from Defendants, no evidence exists to establish that Defendants' production of the out-of- specification Adderall tablets proximately caused Plaintiff's injuries. Accordingly, Plaintiff's claims fail as a matter of law.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is **GRANTED**, and this action is hereby **DISMISSED with prejudice**.

**DONE** the 31st day of January, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE